UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

EVELYN STEWART, DICCY STEWART, JERMAINE JACKSON, PAMELA JACKSON,

                           Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICERS JOHN DOES 1-15.

                           Defendants.

------------------------------------------------------------------ x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
FEB 14 2011 ★
BROOKLYN OFFICE

ECF CASE
CV11-0711

**COMPLAINT**
SUMMONS ISSUED

Jury Trial Demanded

TOWNES, J.

AZRACK, M.J.

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiffs seek relief for the violation of their rights secured by 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. This case arises from a November 24, 2010 incident in which members of the New York City Police Department ("NYPD") subjected plaintiffs to an illegal entry and search of their home, false arrest, excessive force, an illegal strip search and fabricated evidence. Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Eastern District of New York and the event in question occurred in the Eastern District.

## PARTIES

4. Plaintiffs are residents of the State of New York, County of Brooklyn.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officers John Does 1-15 are members of the NYPD who were involved in the police action taken against plaintiffs on November 24, 2010. John Does 1-15 are sued in their individual and official capacities.

## STATEMENT OF FACTS

7. On November 24, 2010 at approximately 6:15 a.m., approximately fifteen police officers, including the defendant John Does, illegally broke open the door to plaintiffs' home located at 3405 Neptune Avenue, Apartment 340, Brooklyn, New York.

8. After breaking open the door, the police officers illegally entered plaintiffs' home, pointed their guns at and arrested plaintiffs without cause. No contraband was found except for a small amount of marijuana found in the pocket of non-party Lameek Jackson, the son of Pamela Jackson.

9. In the course of formally arresting plaintiffs, the officers handcuffed them excessively tight so as to cause marks to plaintiffs' wrists and interfere with plaintiffs' circulation.

10. The officers then illegally searched plaintiffs' home.

11. Thereafter, the officers took plaintiffs out of their home in handcuffs and escorted them to a police van in full view of plaintiffs' neighbors.

12. After plaintiffs were placed into the police van, they were driven around for approximately two-and-a-half hours.

13. In the afternoon of November 24, 2010, the same day of their arrest, plaintiffs were released without being charged with any crime.

14. At no time were plaintiffs in actual or constructive possession of drugs.

15. As a result of defendants' actions, plaintiffs experienced pain, physical injuries, emotional distress, fear, embarrassment, humiliation, discomfort, loss of liberty, and damage to reputation.

**FEDERAL CLAIMS AGAINST POLICE OFFICERS JOHN DOES 1-15**

16. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-15 as if fully set forth herein.

17. The conduct of Police Officers John Does 1-15, as described herein, amounted to an illegal entry and search of plaintiffs' home, false arrest, excessive force, and fabricated evidence. This conduct violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**FEDERAL CLAIM AGAINST THE CITY OF NEW YORK**

18. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-17 as if fully set forth herein.

19. The City of New York directly caused the constitutional violations suffered by plaintiffs.

20. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that many of its employees, including the John Doe defendants, are unfit, poorly trained, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor its officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against its officers.

21. The aforesaid conduct by the City of New York violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   February 7, 2011

New York, New York

ROBERT MARINELLI
305 Broadway, 14th Floor
New York, New York 10007

(212) 822-1427

_____
ROBERT MARINELLI (RM-4242)